UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA A. JARAMILLO,

    Plaintiff,

vs.                                          CIV. NO. 97-1696 JP/LFG

PLAINS ELECTRIC GENERATION &
TRANSMISSION COOPERATIVE, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration of Magistrate Judge's Order [Doc. 53]. Plaintiff, Barbara A. Jaramillo ("Jaramillo"), asks that the Court reconsider its denial of Jaramillo's prior motion to compel on the grounds that her motion package was untimely.

### Motion for Reconsideration

The federal rules of procedure do not provide for a motion for reconsideration. Instead, a party subject to an adverse ruling may file a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief under Rule 60(6), Van Skiver v. United States, 952 F.2d 1241 (10th Cir. 1991). When a court has misunderstood legal arguments, misapplied the law or misapprehended the facts, it may grant relief under Rules 59 or 60.

September 28, 1998, was the deadline for submission of motions packages relating to discovery. Jaramillo's motion to compel was not filed until November 12, 1998. Prior to that time, the Court did not authorize or extend the time for filing the motion. These facts are not in dispute.

Jaramillo argues that the Court should overlook the untimely motion because, prior to filing the motion, Jaramillo sought, without success, to informally resolve the dispute with opposing counsel. Additionally, Jaramillo argues that case management deadlines should not be an end in themselves, but only a means to arrive at a just result. While there is no dispute as to those principles, that does not mean that untimely motions must be granted.

The district's local rules impose a responsibility on the parties to attempt to resolve their disputes prior to engaging in motion practice, however, when those efforts fail, it is incumbent on a party to bring the discovery dispute to the Court's attention by way of formal motion within the time provided by the case management deadlines. These deadlines are established as part of the Court's responsibilities under the Civil Justice Reform Act of 1990, 28 U.S.C. § 471 *et seq.* Deadlines are intended to expedite the disposition of cases and to lessen the financial burdens caused by delay. The CJRA's legislative history states in relevant part:

> The purpose of this legislation is to promote for all citizens--rich or poor, individuals or corporation, plaintiff or defendant--the just, speedy and inexpensive resolution of civil disputes in our nation's federal courts.

Pub. L. 101-650, 1990 U.S. Code Congressional and Administrative News, p. 6804.

The CJRA's intent is to alleviate the dual problems of cost and delay in federal civil litigation. Aggressive judicial case management was included in this legislation as an important step in eliminating delay. Hoffmann-LaRoche v. Sperling, 493 U.S. 165, 110 S. Ct. 482 (1989). Indeed, studies by the Federal Judicial Center show that courts with the least amount of delay characteristically keep strict control of their cases by precise scheduling of cut-off dates and other deadlines. The Center's 1997 study concluded, "A court can handle its case load rapidly only if it takes the initiative to require lawyers to complete their work in a timely fashion." Federal Judicial

Center, <u>Case Management and Court Management in the United States Courts</u> (1997 at 17).

The case management deadlines imposed in this case were approved by the parties and were determined to allow a sufficient amount of time to complete discovery, motion practice and trial preparation prior to trial. Here, all case management deadlines have expired and a trial is due to commence in a little more than thirty days. The Court initially denied Jaramillo's motion to compel because it was untimely and because the Court concluded that good cause was not shown for the untimely submission of the motion. Nothing in Jaramillo's motion for reconsideration convinces the Court that its understanding of the facts or law was improper. The motion to compel was previously denied because it was untimely. The present request for the Court to reconsider its ruling will similarly be denied.

*/s/ Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

COUNSEL FOR PLAINTIFF:
J. Douglas Foster, Esq.

COUNSEL FOR DEFENDANT:
Christopher M. Moody, Esq.