IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BARBARA JARAMILLO,**

        **Plaintiff,**

v.                                                    Civ. No. 97-1696 JP/LFG

**PLAINS ELECTRIC GENERATION AND
TRANSMISSION COOPERATIVE, INC.,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

On June 16, 1999, Defendant Plains Electric Generation and Transmission Cooperative, Inc. filed a Renewed Motion for Summary Judgment (Doc. No. 91). After reviewing the parties' briefs, the facts, and the applicable law, I conclude that Defendant's motion should be denied.

**I.    LEGAL STANDARD**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). When applying this standard, the factual record and reasonable inferences therefrom are examined in the light most favorable to the party opposing summary judgment. See Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). The party moving for summary judgment bears the burden of "'showing'--that is, pointing out to the district court-- that there is an absence of evidence to support the nonmoving party's case." See Celotex Corp. v. Catrett, 477 U. S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. See Bacchus Indus.

Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of the pleadings. See id.

## II. BACKGROUND

On October 9, 1996, Plaintiff submitted her resignation to Defendant, to be effective October 11, 1996. October 11th was the last day Plaintiff actually worked. On July 25, 1997, she completed an Intake Questionnaire for the EEOC. On August 6, 1997 she filed her EEOC Charge of Discrimination. Plaintiff filed this case on December 30, 1997.[1]

On November 5, 1998, Defendant filed a Motion for Summary Judgment. Defendant argued, inter alia, that Plaintiff's claims of harassment, hostile work environment and retaliation were untimely because she filed her Charge of Discrimination more than three hundred days after she resigned. See 42 U.S.C. § 2000e-5(e)(1) (charge must be filed within three hundred days after the alleged harm occurred). Plaintiff appeared to agree that she filed late, but argued that the "continuing violation" doctrine excused her otherwise tardy claims.

In a March 16, 1999 Memorandum Opinion and Order, I found that Plaintiff's harassment, hostile work environment and retaliation claims were indeed outside the limitations period. As Plaintiff filed her Charge of Discrimination on August 6, 1997, "exactly 300 days after her final day of work" on October 11, 1997, she failed to meet her burden of proving that at least one discriminatory act occurred within the limitations period. Jaramillo v. Plains Electric Generation and Transmission Cooperative, Inc., Civ. No. 97-1696 JP/LFG, slip op. at 6-7

---

[1] While the nature and bases of Plaintiff's claims have not always been clear, the parties agree that Plaintiff properly alleged claims of harassment, hostile work environment, retaliation and constructive discharge.

2

(D.N.M. March 16, 1999). She thus did not qualify for the continuing violation doctrine. See id.

In its November 5, 1998 Motion for Summary Judgment, Defendant also argued that Plaintiff's constructive discharge claim was without merit, but did not argue that the constructive discharge claim was time-barred. I concluded that "though not particularly robust," Plaintiff's allegations and evidence in support of her claim for constructive discharge were sufficient to withstand summary judgment. Id. at 10.

In its Renewed Motion for Summary Judgment, Defendant raises two new arguments to support its contention that I should dismiss the sole surviving claim, constructive discharge. First, defendant now contends that the constructive discharge claim is time-barred. Second, Defendant argues that the dismissal of the harassment, hostile work environment and retaliation claims precludes the constructive discharge claim because the predicate conduct is now stricken.[2]

Ms. Jaramillo responds by also presenting a new argument.[3] She claims that "additional legal research" undertaken since the first Motion for Summary Judgment indicates that I should find that her August 6, 1997 Charge of Discrimination relates back to July 25, 1997 when she filed an Intake Questionnaire with the EEOC. (Plaintiff's Br. in Opp. to Deft's Renewed Mot. for Summ. J. at 11.) As a result, Plaintiff claims that the three hundred day charge filing period should extend back to embrace a crucial period immediately preceding her October 9, 1996

---

[2] My determination, discussed later in this Memorandum Opinion and Order, that Plaintiff's Charge of Discrimination relates back to the date she filed her Intake Questionnaire significantly alters Defendant's argument.

[3] The new issues both sides raise clearly should have been set forth in the briefing that accompanied the first Motion for Summary Judgment. It is frustrating that the parties have thrown these curves late in the game. This conduct will be taken into account if either party eventually requests a court award of attorney fees.

notice of resignation. In addition to preserving her constructive discharge claim, Plaintiff suggests that finding relation back would revive her retaliation allegations (but not her hostile work environment and harassment claims) based upon conduct of her supervisor, Dave Rostro, that occurred following Plaintiff's October 2, 1996 return to work from a leave of absence.[4]

## III. DISCUSSION

The parties appear to agree, correctly, that the weight of authority holds that the operative date from which to measure limitations periods in constructive discharge cases is the date on which notice of resignation is given, which, in this case, was October 9, 1999. See Draper v. Coeur Rochester, Inc., 147 F.3d 1104, 1111 (9th Cir. 1998); D'Zurella v. Kansas, Civ. A. No. 90-2207-O, 1991 WL 158900, *3 (D. Kan. July 31, 1991); 4 Lex K. Larson, Employment Discrimination § 72.07[3] (2d ed. 1999). Accordingly, Plaintiff filed her constructive Charge of Discrimination just beyond the three hundred day deadline.

Authority on whether an EEOC Charge of Discrimination relates back to an EEOC Intake Questionnaire is less settled. Some circuits have found relation back. See, e.g., Philbin v. General Elect. Capital Auto Lease, 929 F.2d 321, 323-24 (7th Cir. 1991) (subsequently verified questionnaire should not defeat remedial Title VII legislation where treated as a charge by plaintiff and EEOC, assigned a claim number, signed and served as notice to employer); Casavantes v. California State Univ., 732 F.2d 1441, 1443 (9th Cir. 1984) (Intake Questionnaire is a charge within § 2000e-5(e) because it identifies the parties, describes the practices complained of and is consistent with relation back provisions at 29 C.F.R. § 1601.12(b) allowing

---

[4] Plaintiff only informally proposes the possible reinstatement of her retaliation claim. However, she has not filed any motion requesting reinstatement of her retaliation claim.

4

for amendment of EEOC charges to cure technical defects). Others circuits have found no relation back. See, e.g., Shempert v. Harwick Chem. Corp., 151 F.3d 793 (8th Cir. 1998) (finding it is well-settled in this circuit that Intake Questionnaires which are neither signed under oath nor verified cannot constitute a valid charge for statute of limitations purposes); Larson § 70.04[2] (indicating that majority of circuit and district courts have found that unverified Intake Questionnaire is not a remediable or valid charge).

The closest the Tenth Circuit has come to addressing the relation back question was in Peterson v. City of Wichita, 888 F.2d 1307 (10th Cir. 1989). At issue was whether the EEOC properly promulgated 29 C.F.R. § 1601.12(b) which allowed charges of discrimination to be amended to cure a failure to verify, while preserving the original charge date for limitations purposes. See Peterson, 888 F.2d at 1308. The Tenth Circuit Court of Appeals appeared to assume, without discussion, that an unverified complaint filed with HHS and then assigned a charge number by the EEOC constituted a charge within the meaning of 42 U.S.C. §2000e-5(e). See id. In holding that the EEOC had the authority to allow relation back, the court noted that the defendant had not alleged any prejudice. See id. at 1309. Neither the court of appeals nor the district court, see Peterson v. City of Wichita, 706 F.Supp 766 (D.Kan. 1989), indicated whether the case involved, as here, an EEOC Intake Questionnaire or Charge of Discrimination.

The issue of whether a Charge of Discrimination relates back to an Intake Questionnaire for limitations purposes has arisen in this district in an unreported case, Sherman v. United Parcel Service, Civ. No. 98-624 BB/DJS (D.N.M. April 21, 1999) (Black, J.) Judge Black in Sherman held that a Charge of Discrimination related back to the date of the Intake Questionnaire. See Sherman slip op. at 5. Mr. Sherman, the plaintiff in that case, completed his Intake

5

Questionnaire on January 27, 1994, just over a month after his termination.  See id. at 1.  The EEOC sent Mr. Sherman a letter in February telling him that the information in his Intake Questionnaire did not suffice for filing a formal charge.  See id. at 1-2.  The letter also put him on notice of relevant deadlines.  See id. at 2.  The EEOC did not notify the defendant or begin an investigation.  See id.  Mr. Sherman filed his Charge of Discrimination on December 19, 1994, outside the 300 day window.  See id. at 2, 5.  Mr. Sherman was represented by an attorney at least as of December 1994, see id. at 2, but the opinion neither indicates when he first hired legal counsel nor whether it is even relevant to finding relation back.

In his analysis, Judge Black cited Peterson for the proposition that Title VII is remedial and should thus be read liberally, and cited Richardson v. Frank, 975 F.2d 1433, 1436 (10th Cir. 1992) for the proposition that the procedural requirements of Title VII should not be so formidable and inflexible as to preclude relief.  See Sherman slip op. at 7.  From there, Judge Black reasoned that the Tenth Circuit would align itself with the Ninth Circuit and hold, as the Ninth Circuit did in Casavantes, that the Charge of Discrimination relates back to the date of the Intake Questionnaire.  See id. at 8.

Judge Black then relied on the language of the Code of Federal Regulations to say that the contents of a charge are flexible.  See Sherman slip op. at 8.

> [A] charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.  A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein.  Such amendments . . . will relate back to the date the charge was first received.

29 C.F.R. § 1601.12(b).  Judge Black reasoned that the Intake Questionnaire gave the EEOC a

writing sufficient to identify the parties and to describe the actions about which plaintiff complained. See Sherman slip op. at 8. Judge Black noted that the Questionnaire and the subsequent Charge of Discrimination were nearly identical and that Mr. Sherman cured the lack of verification with the filing of a formal but untimely charge. See id.

Although Judge Black recognized that the EEOC did not treat the Intake Questionnaire as a charge, he concluded that the EEOC treatment was not dispositive. See id. at 9. He also commented that the defendant suffered no prejudice as a result of the delay. See id. While cautioning in a footnote that his opinion should not be treated as a recognition that every Intake Questionnaire which is subsequently verified by a formal charge will withstand time limit challenges, Judge Black found that, "[g]iven the facts of this case, and the Tenth Circuit's expressed preference for flexibility in applying the EEOC's procedural requirements, the Court holds that the information contained in the Questionnaire was sufficient to constitute a charge, and the defects in the Questionnaire could be amended by the subsequent filing." Id. at 9 n.6.

I agree with the reasoning of Sherman and find that Plaintiff's Charge of Discrimination relates back to her Intake Questionnaire. First, this Circuit has indicated a preference for construing Title VII "liberally rather than technically." Peterson, 888 F.2d at 1309. Second, the Intake Questionnaire here contains "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). As in Sherman, the Plaintiff's Intake Questionnaire and her Charge of Discrimination are very similar. They each identify the parties and describe the actions in question. Third, Plaintiff's Intake Questionnaire was later "amended to cure [a] failure to verify." Id. Fourth, while the EEOC apparently did not treat Plaintiff's Intake Questionnaire as a charge and did not investigate or

provide notice to Defendant until Plaintiff filed the Charge of Discrimination, this failure is not determinative in light of Sherman.  Cf. Ingram v. Pre-Paid Legal Services, Inc., 4 F.Supp. 2d 1303, 1309 (E.D. Okla. 1998) (finding "critical factor" in finding relation back is EEOC's treatment of Intake Questionnaire as a charge).  Fifth, Plaintiff only waited about two weeks, with no apparent prejudice to Defendant, between the filing of her Intake Questionnaire and her Charge of Discrimination, in contrast to the eleven months that elapsed with the court's approval in Sherman.  Finally, and significantly, Plaintiff notes an additional factor in this case that was not present in Ingram, a case upon which Defendant heavily relies, or in Sherman.  Plaintiff points to evidence that the EEOC misled her by telling her, incorrectly, that she had until August 11, 1997 to file a Charge of Discrimination.[5]

In sum, Plaintiff's new argument--first presented in her Response to Defendant's Renewed Motion for Summary Judgment--saves Plaintiff's constructive discharge claim from being barred by reason of the untimely filing of Plaintiff's Charge of Discrimination.

IT IS THEREFORE ORDERED that Defendant's Renewed Motion for Summary Judgment (Doc. No. 91) is DENIED.

_____
**UNITED STATES DISTRICT JUDGE**

---

[5] There is some evidence that Plaintiff relied on the EEOC's Charge of Discrimination filing date assessment, but also that she had legal representation at the time of her intake interview.  While Plaintiff's legal counsel should ordinarily bear the burden of independently researching filing deadlines, I decline to penalize Plaintiff given the remedial nature of Title VII claims expressed in Peterson and the EEOC's misinformation.